# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRON WASHINGTON, | Case No. CV 15-00524 (GJS) |
| Plaintiff | |
| v. | **MEMORANDUM, OPINION, AND ORDER** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

## PROCEEDINGS

Plaintiff Sherron Washington ("Plaintiff") filed a complaint seeking review of the Commissioner's denial of her application for Disability Insurance Benefits and Supplemental Security Income. The parties filed consents to proceed before the undersigned United States Magistrate Judge and a Joint Stipulation addressing disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

## BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability since May 8, 2009. After a hearing, an Administrative Law Judge ("ALJ") applied the five-step sequential evaluation process, *see* 20 C.F.R. § 404.1520(b)-(g)(1), and determined that Plaintiff suffered from the severe

impairments of multi-level disc bulges of the lumbar spine with stenosis and grade I anterolisthesis and spondylosis, hypertension and obesity, with additional non-severe impairments of adjustment disorder with mixed anxious and depressed mood. (AR 12-13).  The ALJ found that Plaintiff did not meet or equal a listed level impairment, and had the residual functional capacity to perform her past relevant work.  (AR 14, 20).  Plaintiff exhausted her administrative remedies after the ALJ's unfavorable decision.

At issue on appeal are Plaintiff's contentions that the ALJ improperly (1) gave no weight to the opinions of two non-medical "other sources" regarding her level of pain and ability to function, and (2) found Plaintiff's testimony to be not fully credible and that of two lay witnesses to be of little value.  As the parties are intimately familiar with the record, the Court summarizes only those portions relevant to these issues in the analysis below.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if:  (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

## DISCUSSION

Plaintiff contends that the ALJ erred in giving no weight to the opinions of Dr. Dooman, Plaintiff's chiropractor, and Mr. Diaz, a physician's assistant.  She also takes issue with the ALJ's findings that Plaintiff was not fully credible regarding the

severity or her limitations and that the statements of Plaintiff's mother and friend were not entitled to substantial weight. For the reasons stated below, the Court affirms the ALJ's opinion finding no disability.

**I. The ALJ Did Not Err When She Discounted the Opinions of Dooman and Diaz.**

Plaintiff contends that it was error for the ALJ to afford no weight to the opinions of her treating physician's assistant, Mr. Diaz and her chiropractor, Dr. Dooman. Both non-medical source witnesses gave what the ALJ perceived as extreme opinions ("border[ing] on advocacy") (AR 19): Mr. Diaz opined that Plaintiff could sit or stand for only twenty minutes at a time; that she could sit, stand, or walk for only two hours in an eight-hour workday; that her pain would interfere with her ability to do even simple work; and that she was incapable of even a low stress job. Dr. Dooman opined that Plaintiff could stand or walk for less than two total hours of a workday, and sit for less than two hours of a workday; that she would need to take a one-hour break every fifteen minutes; have to be able to change positions at will, and would need to elevate her feet 80% of the day. Both opined that Plaintiff would be absent more than four days per month. (AR 19 and referenced Exhibits).

The parties do not dispute that the regulations covering opinions from "other sources" apply to Dr. Dooman and Mr. Diaz. *See* 20 C.F.R. § 404.1513(a). Therefore, the ALJ was permitted to discount their testimony after "giv[ing] reasons germane to each witness for doing so.'" *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir.2001)).

The ALJ gave such germane reasons here when she stated that the "other source" opinions appeared to be based primarily on the subjective statements of the Plaintiff as opposed to medical evidence; they were inconsistent with the Plaintiff's treatment records (which, for example, showed no gait limitations and improvement over time); and that they were inconsistent with the medical source opinions of multiple

doctors. (AR 19). The ALJ assigned "great weight" to several medical source opinions, including those of consultative physician Dr. Siciarz, who opined that Plaintiff could "lift/carry 20 pounds occasionally and 10 pounds frequently stand/walk 6 hours in an 8 hour workday; sitting can be performed without restriction, occasional bending, crouching, kneeling, crawling and stooping, and no other limitation noted." (AR 17). Dr. Siciarz also noted that Plaintiff had normal gait and station. *Id.* The medical opinions of several State Agency reviewing physicians were similar. (AR 18). These medical opinions stand in stark contrast to the non-medical source opinions of Dr. Dooman and Mr. Diaz to which the ALJ gave no weight. The Court's review of the record shows that the ALJ's reasons are supported by substantial evidence. The ALJ thus gave reasons germane to each of the two non-medical source witnesses for disregarding their opinions.

**II. The ALJ Properly Evaluated Plaintiff's and the Third Party Lay Witnesses' Credibility.**

Once a disability claimant produces evidence of an underlying physical or mental impairment that is reasonably likely to be the source of her subjective symptoms, the adjudicator is required to consider all subjective testimony as to the severity of the symptoms. *Moisa v. Barnhart*, 367 F.3d 882, 885 (9th Cir. 2004); *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). Although the ALJ may then disregard the subjective testimony she considers not credible, she must provide clear and convincing reasons for doing so. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001); *see also Moisa*, 367 F.3d at 885 (stating that in the absence of evidence of malingering, an ALJ may not dismiss the subjective testimony of Plaintiff without providing "clear and convincing reasons").

In evaluating subjective symptom testimony, the ALJ must consider "all of the evidence presented," including the following factors: (1) the Plaintiff's daily

4

activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors, such as movement, activity, and environmental conditions; (4) the type, dosage, effectiveness and adverse side effects of any pain medication; (5) treatment, other than medication, for relief of pain or other symptoms; (6) any other measures used by the Plaintiff to relieve pain or other symptoms; and (7) other factors concerning the Plaintiff's functional restrictions due to such symptoms. *See* §§ 404.1529(c)(3), 416.929(c)(3); *see also* SSR 96-7p, 1996 WL 374186, at *3 (clarifying the Commissioner's policy regarding the evaluation of pain and other symptoms). The ALJ also may employ "ordinary techniques of credibility evaluation," considering such factors as (8) the Plaintiff's reputation for truthfulness; (9) inconsistencies within the Plaintiff's testimony, or between the Plaintiff's testimony and the Plaintiff's conduct; (10) a lack of candor by the Plaintiff regarding matters other than the Plaintiff's subjective symptoms; (11) the Plaintiff's work record; and (12) information from physicians, relatives, or friends concerning the nature, severity, and effect of the Plaintiff's symptoms. *See Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair v. Bowen*, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

Plaintiff testified that she was unable to work due to constant back pain, which she rated at a level of 10 on a scale of 1 to 10, and which improved only slightly – to a level 8 – with medication. She noted she uses a cane purchased by her mother, but not prescribed by a physician. She also reported that she can stand for only two minutes at a time, and must elevate her legs for 15 minutes. She testified that, because of these limitations, she was unable to work.

The ALJ found "that the claimant is not fully credible concerning the severity and extent of her limitations." (AR 19). The ALJ specifically noted that the claimant's "reported activities of daily living" were inconsistent with her statement that she was unable to work. In support of this finding, the ALJ pointed to claimant's own testimony and statements she made during two separate consultative

examinations about her daily activities: specifically, that she cares for her children and gets them ready for school, cooks, housecleans (she performs light household chores at a slow pace), watches television and reads, socializes, and shops, among other activities. (AR 15, 20). Moreover, although Plaintiff stated she needed a cane to walk, her medical records showed no gait abnormalities, both consultative examiners noted that she walked without a cane, and Plaintiff herself denied needing an assistance device to walk. (AR 18, 40). These inconsistencies, which are supported by the objective medical record, provided the ALJ with a clear and convincing reason to find Plaintiff less than fully credible.

The ALJ also afforded "little weight" to the testimony of the two third-party witnesses described above. While the ALJ cannot disregard lay witness testimony regarding a claimant's ability to work without comment, the ALJ may reject such testimony by providing "reasons that are germane to each witness." *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Germane reasons for rejecting a lay witness's testimony include inconsistencies between that testimony and the claimant's presentation to treating physicians or the claimant's activities, and the claimant's failure to participate in prescribed treatment. *See Carmickle*, 533 F.3d at 1164; *Greger*, 464 F.3d at 971.

Here, the ALJ found the opinions and statements of the reviewing physicians, which were in conflict with those of witnesses Rivas and Martinez, to be more objective and less likely to be influenced by sympathy for Plaintiff. (AR 15). While the ALJ's treatment of these two witnesses' statements is somewhat abbreviated, the decision nevertheless provides a germane reason for affording these witness statements little weight. *See, e.g.*, *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001) ("One reason for which an ALJ may discount lay testimony is that it conflicts with medical evidence.") (citing *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)).

**CONCLUSION AND ORDER**

For all of the foregoing reasons, **IT IS ORDERED** that judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

**IT IS HEREBY ORDERED.**

DATED: January 20, 2016  _____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE